■ · BETTY J. HILTS, Respondent, v JAMES R. HILTS, Appellant. [669 NYS2d 720] —Crew III, J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered January 8, 1997 in Madison County, upon a decision of the court.

The parties, having lived together since approximately 1974, were married in 1980. Difficulties thereafter developed and, in June 1995, plaintiff commenced this action for divorce alleging cruel and inhuman treatment. The parties subsequently stipulated as to the grounds for the divorce and the manner in which the pensions were to be divided, and the matter proceeded to trial in November 1996 on the remaining equitable distribution issues. Supreme Court, after reciting the statutory factors and considering the testimony before it, divided the parties' marital property and defendant, contending that plaintiff received a disproportionate share of the marital estate, now appeals.

The various arguments raised by defendant on appeal do not warrant extended discussion. Initially, we reject defendant's assertion that Supreme Court used "marital fault" as a basis for its distribution of the parties' marital property. Although Supreme Court indeed parroted the allegations contained in

---

the complaint when reciting the basis for the parties' divorce, we are of the view that defendant, having stipulated to the grounds for divorce as set forth in the complaint, cannot now be heard to complain. Moreover, Supreme Court's mere recitation of the relevant allegations in its decision falls far short of establishing that the award fashioned was punitive in nature.

Equally unpersuasive is defendant's contention that plaintiff received a disproportionate share of the marital estate. As a starting point, the record before us plainly reveals that there was significant disparity in the parties' respective incomes. At the time of trial plaintiff, a school bus driver, was earning approximately $400 every two weeks and had roughly $1,300 in savings. Defendant, on the other hand, who elected to retire three weeks prior to trial, was receiving $900 per month in Social Security benefits, $640 per month in pension benefits, had access to an additional pension and had at least $7,000 in his checking account. Additionally, it appears from the record that defendant expended significant sums during the pendency of this action for which he was unable to adequately account at trial. In short, after considering such proof and taking into consideration plaintiff's various health problems, her lack of medical insurance following the divorce and the fact that the distribution fashioned by the court was in lieu of an award of maintenance, we cannot say that Supreme Court's award was inequitable.

To the extent that defendant now contends that Supreme Court erred in failing to specifically value each of the assets awarded to him, including a particular account with Key Bank, we need note only that any deficiencies in the record stem from defendant's less than forthcoming testimony as to his finances. Defendant's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.